**THE STROJNIK FIRM L.L.C.**
ATTORNEYS AT LAW
ESPLANADE CENTER III  SUITE 700
2415 East Camelback Road
Phoenix, Arizona 85016
(602) 510-9409

PETER K. STROJNIK, ESQ.
AZBN026082,CABN242728
strojnik@skplaw.com

*Attorney for Plaintiffs Stephanie Hahn,
Ruth Kerr and Shea Padilla*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STEPHANIE HAHN, an Arizona resident; RUTH KERR, an Arizona resident; SHEA PADILLA, an Arizona resident, | NO. |
| Plaintiffs, | **COMPLAINT** |
| vs. | |
| ARIZONA DEPARTMENT OF EDUCATION, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiffs allege as follows:

**PARTIES AND JURISDICTION**

1) Plaintiffs Stephanie Hahn, Ruth Kerr and Shea Padilla are all females residing in Maricopa County, Arizona (collectively as "Plaintiffs").

-1-

2) Defendant Arizona Department of Education is an administrative agency created pursuant to A.R.S. § 15-231(A), with authority and responsibility for overseeing and regulating the public school system in the State of Arizona.

3) This action arises under the statutes of the United States for violation of the Equal Pay Act, 29 U.S.C. § 206(d).

4) Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331 because Plaintiffs bring this action pursuant to federal statute.

5) This Court has personal jurisdiction over Defendant because the acts complained of herein occurred in the State of Arizona.

6) Venue is proper in this Court because the acts complained of herein occurred within this District and division.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7) Plaintiffs reallege all allegations heretofore set forth.

8) Plaintiffs are all employed with Defendant as Education Program Specialist, State Supervisors in the career pathways section of the Career and Technical Education unit. ("State Supervisor"). Their positions are commonly referred to as State Supervisors. The Plaintiffs' respective starting and current salaries with Defendant are itemized as follows:

| Plaintiff | Starting Salary | Current Salary |
|---|---|---|
| Stephanie Hahn | $43,000.00 | $44,182.53 |
| Ruth Kerr | $43,000.00 | $45,508.32[1] |
| Shea Padilla | $36,547.00 | $41,082.50 |

---

[1] Approximate.

9) It is common knowledge within Defendant that <u>all</u> State Supervisors perform the same core job functions as other State Supervisors within Defendant.  <u>See</u> <u>e.g.</u> <u>Rexroat v. Arizona Department of Education</u>, 2:11-cv-01028-PGR at Doc. 14.  Additionally, the performance of these same core job functions requires equal skill, effort and responsibility.  For example, although each of the State Supervisors oversee sub-categories, each of them are required to provide technical assistance for program improvement and professional development, and work with compliance with their funding streams.  Each of the State Supervisors must work with business industry groups to advise them and assist in the development of curriculum.  In addition, as example, each of the State Supervisors must participate in advisory boards, local Career and Technical Education directors meetings, and work closely with Career and Technical Student Organizations ("CTSO") and all other activities related to the CTSO.

10) Plaintiffs constitute three (3) of the seven (7) State Supervisors with Defendant, and three (3) of the five (5) female State Supervisors.  A fourth (4th) State Supervisor, Tracy Rexroat, has alleged the same allegations as contained herein, e.g. that she is a State Supervisor who is being paid significantly less than male State Supervisors.  <u>See</u> <u>Rexroat</u>, *supra*.

11) One of the two male State Supervisors is Jason Wojcik, who was hired in February 2008, was given an initial salary of $58,500.00.  Although Mr. Wojcik performs the same job as Plaintiffs, is supervised by the same person as Plaintiffs, and his position requires the same skill, responsibility and effort as the positions for Plaintiffs, his initial salary and current salary is between $18,000.00 and $25,000.00 more per year than Plaintiffs' salaries.  To this date, Mr. Wojcik continues to be paid at a significantly higher level than Plaintiffs.

12) In addition, another male State Supervisor, James Wojcik, who was hired in or around June 2007 at a starting salary of $60,000.00 plus other monetary incentives, earned a starting salary of $16,500.00 to $23,000.00 more than Plaintiffs' salaries. This male State Supervisor performed the same job as Plaintiffs, had the same title, had the same salary grade, and his position required the same skill, responsibility and effort.

13) All State Supervisors mentioned herein, including the two male State Supervisors referred to herein, Plaintiffs and Tracy Rexroat, all fall within the same salary grade and salary range.

14) Both male State Supervisors referred to herein were given higher salaries by approximately $20,000.00 because Defendant offered both of them a "special entrance rate", which is a salary that exceeds the mid-range of the salary range. Neither Plaintiffs nor Ms. Rexroat were offered a "special entrance rate".

15) According to Defendant's own policies and procedures, a "special entrance rate" can only be awarded when the following factors are considered: (i) the unusual and outstanding character of the applicant's experience, (ii) education and ability as they relate to the specific position, (iii) availability of qualified applicants, (iv) geographical location of the position, **and** (v) the applicant's earning history.

16) The only factor Defendant considered in awarding the two male State Supervisors a "special entrance rate" was prior earning history. Defendant therefore violated its own policies and procedures in awarding a "special entrance rate" to the male counterparts.

17) As far back as June 2010, Defendant was consciously aware that there were large pay disparities among the women and men State Supervisors because this information was

communicated to it, namely, Janet Brite, and therefore Defendant's violation of the Equal Pay Act is willful.

18) As far back as June 2010, Defendant was consciously aware that there were large pay disparities between Plaintiffs and other male State Supervisors because this information was communicated to it, namely, Human Resources department, and therefore Defendant's violation of the Equal Pay Act is willful.

19) Defendant's stated policy is to not discriminate between men and women, and to treat men and women equally in the payment of wages, and therefore Defendant is aware of the requirements of the Equal Pay Act.

**COUNT ONE**
**(Violation of the Equal Pay Act – Stephanie Hahn)**

20) Plaintiffs reallege all allegations heretofore set forth.

21) Plaintiff Stephanie Hahn performs equal work as male State Supervisors but she is being paid less than male State Supervisors.

22) Defendant's violation of the Equal Pay Act as it relates to Plaintiff Stephanie Hahn was willful for the reasons stated herein, and therefore Plaintiff is entitled to back pay for a period of three years.

**COUNT TWO**
**(Violation of the Equal Pay Act – Ruth Kerr)**

23) Plaintiffs reallege all allegations heretofore set forth.

24) Plaintiff Ruth Kerr performs equal work as male State Supervisors but she is being paid less than male State Supervisors.

25) Defendant's violation of the Equal Pay Act as it relates to Plaintiff Ruth Kerr was willful for the reasons stated herein, and therefore Plaintiff is entitled to back pay for a period of three years.

## COUNT THREE
### (Violation of the Equal Pay Act – Shea Padilla)

26) Plaintiffs reallege all allegations heretofore set forth.

27) Plaintiff Shea Padilla performs equal work as male State Supervisors but she is being paid less than male State Supervisors.

28) Defendant's violation of the Equal Pay Act as it relates to Plaintiff Shea Padilla was willful for the reasons stated herein, and therefore Plaintiff is entitled to back pay for a period of three years.

WHEREFORE, each of the Plaintiffs prays for relief as follows:

1. For economic damages, including back pay, in an amount of Plaintiffs' unpaid wages and benefits, and all other economic damages that will make the Plaintiffs whole;

2. For liquidated damages in an amount equal to Plaintiffs' unpaid wages and benefits;

3. For costs and reasonable attorneys' fees; and,

4. For such other relief to which Plaintiffs are lawfully entitled as the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial.

RESPECTFULLY SUBMITTED this 15th day of June, 2012.

*/s/ Peter Kristofer Strojnik*
Peter Kristofer Strojnik (026082)
strojnik@skplaw.com
THE STROJNIK FIRM L.L.C.
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
602 510 9409 (tel)
602 532 7572 (fax)

***Attorney for Plaintiffs Stephanie Hahn, Ruth Kerr and Shea Padilla***